**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**PROGRESSIVE GULF INSURANCE**                  **PLAINTIFF**
**COMPANY**

**V.**                                 **CAUSE NO. 3:14-CV-400-CWR-FKB**

**GEORGE REED,** *individually*;                **DEFENDANTS**
**GEORGE REED,** *d/b/a Jack's Hotshotting*;
**CHARLES PENDLETON**

## ORDER

Before the Court is Progressive Gulf Insurance Company's motion for summary judgment against Charles Pendleton. Docket No. 20. The matter is fully briefed and ready for adjudication.

## I.     Factual and Procedural History

In January 2014, George Reed's work pickup truck hit Charles Pendleton's 1956 Mercedes convertible. Reed and Pendleton made claims to Progressive, the auto insurer for Reed's business.

In May 2014, Progressive brought this declaratory action against Reed, Reed's business, and Pendleton. It alleged that the damage to the Mercedes "did not align" with the damage to the truck, that Reed and Pendleton made false statements to law enforcement about the accident, and that Reed did not cooperate with Progressive's investigation of the claims. It sought a judicial declaration that it has no duty to pay the claims.

When the Reed defendants did not respond to the complaint, Progressive moved for and was granted a default judgment against them. Progressive now argues that the default judgment means it no longer has any duty toward Pendleton.

## II.      Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. Fed. R. Civ. P. 56(c)(1); *see Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2010). The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

## III.     Discussion

Progressive contends that the default judgment it received against the Reed defendants relieves it of any duty it may have had toward Pendleton. The relevant language in the default judgment is as follows:

> IT IS HEREBY ORDERED AND ADJUDGED that with respect to the purported collision that reportedly occurred on January 28, 2014, in Claiborne County, Mississippi, *Progressive Gulf is not obligated to perform under the insurance contract* (Policy No. 01280173-0) and has no obligation to defend or indemnify George Reed, individually, or George Reed d/b/a Jack's Hotshotting for any claims made under this policy arising from or related to the January 28, 2014 incident.

Docket No. 19 (emphasis added).

Progressive's motion for default judgment was unchallenged. There was obviously no opposition from the Reed defendants. Pendleton also did not respond; no relief was sought against him. As is customary in these situations, Progressive submitted the language for the default judgment to the Court. While immaterial changes were made elsewhere, the language in question was Progressive's.

Since no battle was joined over the motion or the language now at the center of this dispute, it is odd that Progressive now claims that the language constituted the Court's blessing of its arguments against Pendleton. It was not. Read in full and in context, the default judgment stands for the proposition that Progressive no longer has a duty to perform as to the Reed defendants. It did not adjudicate Progressive's obligations to other parties.

Although Reed and his business are now out of the picture, legally speaking, Mississippi law suggests that their failure to respond to the complaint does not relieve Progressive of its duties toward third parties like Pendleton. In Mississippi, a motor vehicle liability "policy may not be cancelled or annulled as to such liability by any agreement between the insurance company and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy." Miss. Code Ann. § 63-15-43(6)(a). In other words, the insured's failures cannot be used to deny a victim's claim on the insurance policy.

Progressive also contends that it has no duty to Pendleton under the Mississippi Supreme Court's decision in *Westmoreland v. Raper*, which held that the "benefit to a third party contemplated by insurance policies is contingent upon a judgment being awarded for which the insurance company may or may not be liable under the terms of the agreement." 511 So. 2d 884, 885-86 (Miss. 1987). As Pendleton's response brief observes, however, this holding has been overruled. Now, "[i]n the place of *Westmoreland* and similar cases, . . . under Rule 57 of the Mississippi Rules of Civil Procedure, an insurance company may be named as a party to an action for the purpose of seeking declaratory judgment on the question of coverage." *Mississippi Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 942 (Miss. 2003). *Westmoreland* will not secure summary judgment for Progressive.

Nor does the default judgment suffice for res judicata or collateral estoppel purposes. The default judgment was not a final judgment. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009); *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995).

In rebuttal, Progressive argues that Pendleton's case remains fatally flawed because he has failed to file a compulsory counterclaim. The issue cannot be resolved today, though, since arguments raised for the first time in rebuttal cannot be addressed by the other side and are therefore not properly before the Court. *See Wallace v. Cnty. of Comal*, 400 F.3d 284, 292 (5th Cir. 2005).

For these reasons, summary judgment against Pendleton is not appropriate.

## IV.    Conclusion

The motion is denied.

**SO ORDERED**, this the 3d day of June, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE